# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAULETTE DALRYMPLE** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CAUSE NO. 1:07CV924 LG-JMR** |
| § | | |
| **GEORGE REGIONAL HEALTH** § | | |
| **SYSTEM, DBA GEORGE COUNTY** § | | |
| **HOSPITAL** § | | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Defendant's Motion [32] for Summary Judgment. Plaintiff has filed her response, and the Defendant has replied. After consideration of the submissions and the relevant law, it is the Court's opinion that the Defendant has shown there is no question of material fact for the jury. The motion will therefore be granted and the Plaintiff's claims dismissed.

### FACTS AND PROCEDURAL HISTORY

Dalrymple worked as a licensed practical nurse at the George County Hospital from 1973 until she was terminated in 2006. At the time of her termination, she was working in the emergency room. Beginning in 2002, she also worked as a licensed practical nurse in the emergency room at the Stone County Hospital when that work would not interfere with her assigned weekend shifts at the George County Hospital.

In March 2006, Dalrymple notified George County Hospital that she would be requesting FMLA leave intermittently to care for her terminally ill spouse. Dalrymple was given the necessary leave forms and returned them on June 12, 2006.[1] Her request to apply FMLA leave to

---

[1] Dalrymple first submitted the Certification of Health Care Provider on June 1, 2006, but it was rejected because Dalrymple herself had signed it rather than her spouse's treating physician.

previous absences in March and April was granted. She was scheduled to work during the first weekends in May and June 2006, but did not, apparently to take care of her spouse. She was allowed to take FMLA leave for the absences. Dalrymple then refused to cooperate with her supervisor in scheduling make-up weekend shifts, in violation of the Hospital's policy.

Informed of Dalrymple's lack of cooperation, the George County Hospital Administrator, Paul Gardner, decided that they should investigate whether Dalrymple had worked at Stone County Hospital on the weekends in May and June for which she had requested FMLA leave at George County Hospital. Dalrymple's supervisor was able to confirm with Stone County Hospital that Dalrymple had indeed worked at Stone County Hospital on the weekends she had taken FMLA leave at George County Hospital.[2]

On June 30, 2006, Dalrymple was terminated:

> due to insubordination by refusing to meet with the DON [Director of Nursing] and refusing to make-up missed week-ends [sic] as scheduled by the DON, which is stated in the policy manual. She was also terminated for call-ins requesting FMLA on May 5,6,7 and June 2,3,4 to stay with her sick husband. It was confirmed she worked those dates at Stone County Hospital. . . . See attached sheet for further reasons. . . .
>
> Insubordination
> Falsifying Documents
> Multiple Written Warnings
> Refusing to make-up missed weekends
> Dishonesty

Ct. R. 36-12 p. 1-2.

Represented by attorney Kaye Persons, Dalrymple filed a charge of discrimination with the EEOC claiming age discrimination in her termination. Ct. R. 33-4 p. 2. In her charge, she

---

[2] Dalrymple argues that she did not work at Stone County Hospital on those days, but the Court's inquiry is limited to whether the employer had a good faith belief that she worked at Stone County, not whether the employer was correct in its belief.

noted that her supervisor made "comments which humiliated and embarrassed me like 'you must be real tired working two jobs at your age.'" *Id*. at 3. Dalrymple also alleged that "a younger and less experienced person reported to work in the ER on my shift later that same evening" of her termination. The EEOC dismissed her charge of discrimination on April 3, 2007. Ct. R. 33-4 p. 4. Subsequently, attorney Persons timely filed this lawsuit on Dalrymple's behalf.

In her Complaint, Dalrymple alleges she was unlawfully terminated from her employment with the Defendant due to her age and her election to take intermittent leave under the Family and Medical Leave Act, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the FMLA, 29 U.S.C. § 2601, *et seq.* In addition, in her opposition to the summary judgment motion, Dalrymple makes a hostile work environment ADEA claim. As the Defendant has responded to this additional claim, the Court will also address it.

AGE DISCRIMINATION IN EMPLOYMENT ACT:

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993)). That is, the plaintiff's age must have "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Id*. If there is no direct evidence of age discrimination, the plaintiff can create a rebuttable presumption of discrimination by establishing the elements of a prima facie case: (i) at the time plaintiff was fired, he or she was a member of the class protected by the ADEA ("individuals who are at least 40 years of age," 29 U.S.C. § 631(a)), (ii) he or she was otherwise qualified for his or her position, (iii) he or she was

discharged by the defendant, and (iv) the defendant successively hired persons not in the protected class, or persons substantially younger, to fill plaintiff's position. *Reeves*, 530 U.S. at 142; *O'Connor v. Cons. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996).

Direct or Circumstantial Evidence:

Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)). "If an inference is required for the evidence to be probative as to [the employer's] discriminatory animus in firing [the employee], the evidence is circumstantial, not direct." *Sandstad*, 309 F.3d at 897-98.

Dalrymple contends "that she has presented direct evidence that Gloria Havard's discriminatory animus played a key role in the events that resulted in her termination." Ct. R. 37 p. 10-11. However, she does not specify what this direct evidence is. Presumably, she refers to Havard's comments that Dalrymple was "too old to be burning the candle at both ends" and "at her age she should not be working two jobs." *Id*. at 4. In the Court's opinion, these comments do not prove the fact of discriminatory animus without inference or presumption. They therefore constitute circumstantial, rather than direct evidence of age discrimination.

Plaintiff's Prima Facie Case:

George County Hospital concedes that Dalrymple was over forty at the time she was terminated, and therefore in the protected class. But it argues that Dalrymple can neither show that she was otherwise qualified for her position, nor that George County hired a younger person to fill her position.

According to the Hospital, Dalrymple's refusal to allow her supervisor to schedule her for

weekend shifts to make up for the two she missed shows that Dalrymple was not qualified for her position because she would not comply with George County Hospital's weekend work policy. However, the Fifth Circuit has explained that a plaintiff challenging her termination can ordinarily establish a prima facie case of discrimination by showing that she continued to possess the necessary qualifications for her position at the time of the adverse action. *Mayberry v. Tarrant County Cmty. Supervision & Corr. Dept.*, 34 Fed. Appx. 962, *3 n. 5 (5th Cir. 2002) (citing *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1505-06 (5th Cir. 1988)). This means that the plaintiff "had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered h[er] unfit for the position for which [s]he was hired." *Id.* (quoting *Bienkowski*, 851 F.2d at 1505-06). A plaintiff need not show that her performance met her employer's expectations to establish a prima facie case. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350 (5th Cir. 2007). Therefore, the Court finds that Dalrymple has established that she was qualified for her position.

Next, George County Hospital contends that Dalrymple cannot show that it hired a younger person to fill her position. Although younger (and older) persons have been hired onto the emergency room nursing staff since Dalrymple was terminated, none of them are licensed practical nurses like Dalrymple. George County Hospital apparently now staffs its emergency room with registered nurses rather than licensed practical nurses. Thus, the Hospital argues that Dalrymple's LPN position was never filled. Instead, a new RN position was created and filled. There is some support for this argument in the Fifth Circuit. *See Berquist*, 500 F.3d at 354. Also supportive is the First Circuit's statement of the fourth element of a prima facie ADEA case, requiring a showing that "the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills." *Mesnick v. Gen.*

*Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991) (citations omitted). It may be a question of fact whether an LPN and an RN have roughly equivalent job qualifications, and although it is a close question, the Court resolves any factual inferences in favor of the nonmovant. *Cheatham v. Allstate Ins. Co.*, 465 F. 3d 578, 582 (5th Cir. 2006). Therefore, the Court concludes that Dalrymple has established her prima facie case of age discrimination.

Employer's Legitimate, Nondiscriminatory Reasons:

Having established a prima facie case, Dalrymple has also established a rebuttable presumption that George County Hospital unlawfully discriminated against her. George County Hospital has the opportunity to negate this presumption by articulating a legitimate, nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955 (5th Cir. 1993). If George County Hospital articulates such a reason, supported by sufficient evidence, the burden reverts to Dalrymple to prove that George County Hospital's reason is pretextual. *Id.*

George County Hospital has articulated legitimate, nondiscriminatory reasons for firing Dalrymple: she refused to cooperate with her supervisor's attempts to reschedule her missed weekend shifts, the Hospital believed she had been dishonest about her need for FMLA leave on the weekends she missed, and she had received at least four written warnings of rule violations.

In support, George County Hospital provides the deposition testimony of its Administrator, Paul Gardner. Gardner testified about the Hospital's requirements for Dalrymple's position, set out in its employee handbook: "the handbook clearly states that you have to work every other weekend. If you miss a weekend, it is rescheduled for you to make that weekend up at the discretion of your supervisor; not what you think, not what you want to do, but what your supervisor tells you you have to do." Ct. R. 33-3 p. 13. He further testified in detail

about Dalrymple's work history, and concluded:

> We needed her simply to show up and do her job. There is only so far an employer can go. Ms. Dalrymple and her blatant insubordination, failure to make up her weekends as instructed by her supervisor, which blatantly runs afoul of the personnel manual, along with the other items stated, was culminated, documented to the best of our knowledge and ability at that given time, including conversations with Ms. Harvey regarding her working at Stone County. They collaborated the dishonesty issue. And she's certainly gotten more than four written warnings in her file. We, unfortunately, had to make a tough, hard decision.

Ct. R. 33-3 p. 18.

When confronted with the accusation that she had worked at Stone County on the weekends she had requested FMLA leave, Dalrymple told Havard: "I did not work over there. I was off." Ct. R. 32-5 p. 7. She also explained the reason she refused to work on the weekends her supervisor rescheduled her for:

    A.      I was already scheduled.

    Q.      To work where?

    A.      To work at Stone County.

Ct. R. 32-4 p. 16.

<u>Plaintiff's Rebuttal:</u>

Because George County Hospital has articulated legitimate, nondiscriminatory reasons for firing Dalrymple, she must present evidence that George County Hospital's reasons for firing her are pretext for discrimination. She can show pretext for unlawful discrimination either by showing that a discriminatory reason more likely motivated George County Hospital or by showing that George County Hospital's reasons are unworthy of credence. *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). When the employer offers multiple, non-discriminatory

reasons for termination, the plaintiff bears the burden of proving that all of those reasons are pretextual. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 345-46 (5th Cir. 2007).

In the Court's opinion, Dalrymple fails to show that all of George County Hospital's reasons for firing her are pretextual. George County Hospital documented numerous problems associated with Dalrymple's employment, and in particular her failure to comply with the Hospital's scheduling requirements, none of which were related to Dalrymple's age. Although Dalrymple argues that the hospital incorrectly concluded that she was dishonest about working at the Stone County Hospital on the weekends she requested FMLA leave from George County, she admits that she did not comply with the hospital's scheduling requirements. Accordingly, Dalrymple fails to show that this reason for her termination is unworthy of credence.

Dalrymple also attempts to show that discriminatory reason more likely motivated George County Hospital by noting that twenty nurses have been hired in George County Hospital's Emergency Room since she was terminated, and thirteen of those were under forty. However, she agrees that the nurses were all Registered Nurses, and not Licensed Practical Nurses like her. She concedes that RNs and LPNs have different educational requirements and different accreditation systems. Although Dalrymple was able to establish a prima facie case with this evidence, the Court finds it insufficient to show that a discriminatory reason more likely motivated George County Hospital to terminate her. According to her evidence, seven of the new hires were in her protected age group, and all had more credentials. These circumstances do not give rise to an inference of age discrimination.

Dalrymple further points to two comments made by her supervisor in an attempt to show that a discriminatory reason more likely motivated the Hospital. In May or June 2006, Havard told Dalrymple's previous supervisor that Dalrymple was spreading herself too thin working two

-8-

full-time jobs, and Havard "couldn't see how [she] was doing it [at her age] and that [she] was tired." Ct. R. 32-6 p. 5. The second was made directly to Dalrymple in June 2006, while Havard was "just going through the ER, and we were just speaking, and then she just - - it just amazed her that I was working two full-time jobs and holding up at it, and I was not missing any time until the time that's in question, and she could not understand how I could do that." Ct. R. 32-6 p. 1-2. Neither of these stray comments implies that Havard believed Dalrymple should be terminated because she was too old, and the Court therefore finds them inadequate to rebut George County Hospital's articulated reasons for terminating Dalrymple. *See, e.g., CEG Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993).

The Court concludes that Dalrymple has not met her burden to come forward with specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986). There is insufficient evidence to allow a reasonable juror to conclude that Dalrymple was terminated because of her age. George County Hospital is entitled to judgment as a matter of law on Dalrymple's age discrimination claim.

HOSTILE WORK ENVIRONMENT - AGE:

In her response to George County Hospital's summary judgment motion, Dalrymple argued that:

> the evidence of record demonstrates [a] genuine issue of material fact with respect to whether Gloria Havard intentionally created a hostile environment allowing an environment riddled with slander and suspicion against her. Mrs. Havard, who was Mrs. Dalrymple's supervisor, took intentional and inexplicable actions against Mrs. Dalrymple that were both subjectively and objectively unreasonable.

Ct. R. 37 p. 14.

Neither the Supreme Court nor the Fifth Circuit have stated whether it is possible to bring a hostile work environment claim under the ADEA. *See McNealy v. Emerson Elec. Co.*, 121 Fed. Appx. 29, *4 n.1 (5th Cir. 2005). However, the Court will follow the lead of the Fifth Circuit and assume that the Title VII hostile work environment framework applies to a claim under the ADEA, because Dalrymple's claim is not viable for a separate reason. *Id.*

George County Hospital asserts that Dalrymple has failed to exhaust her hostile work environment claim by failing to articulate any facts supporting that claim in her EEOC charge. The scope of a judicial complaint under Title VII is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001). Although Dalrymple is not limited to the exact charge brought to the EEOC, *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990), a hostile work environment claim cannot reasonably be expected to grow out of her EEOC charge that she was discriminated against because of her age when she was terminated. *See Stewart v. The May Dep't. Stores*, 294 F.Supp.2d 841, 849 (M.D. La. 2003); *Lawrence v. United Airlines, Inc.*, 2002 WL 1489536, *4 (N.D. Tex. 2002) (holding that a claim of race discrimination does not encompass hostile work environment claims). The Court therefore finds that if a hostile work environment claim can be asserted under the ADEA, Dalrymple failed to exhaust her administrative remedies, and George County Hospital is entitled to judgment as a matter of law.

FAMILY AND MEDICAL LEAVE ACT:

Under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, "employers have a prescriptive obligation [ ] - they must grant employees substantive rights guaranteed by the FMLA - and they have a proscriptive obligation - they may not penalize employees for exercising

these rights." *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999). Dalrymple's claim implicates the proscriptive FMLA rights, which include an employee's right not to be discriminated or retaliated against for having exercised the right to take FMLA leave. *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004); *see also* 29 C.F.R. § 825.220(c) (1997) ("An employer is prohibited from discriminating against employees . . . who have used FMLA leave.").

A plaintiff bringing a retaliation claim must show "that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right;" thus, as a result, he "faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir. 2001). In the absence of direct evidence of the employer's intent, retaliation claims under the FMLA are subject to the same burden-shifting framework applicable to Title VII discrimination claims. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 793 (1973). Dalrymple does not contend that she has any direct evidence of George County Hospital's intent to terminate her because she used FMLA leave.

To establish a prima facie retaliation claim under the FMLA, a plaintiff must show that (1) she was protected under the FMLA; (2) she suffered an adverse employment action; and (3) she was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA. *Mauder v. Metro. Transit Auth. of Harris County, Tex.,* 446 F.3d 574, 583 (5th Cir. 2006).

Even assuming Dalrymple met her burden of demonstrating a prima facie case of retaliation regarding her termination, she fails to rebut the Hospital's multiple nondiscriminatory

reasons for its action. Dalrymple acknowledged in her deposition that she actually did violate the Hospital's scheduling policy by refusing to work the weekends on which her supervisor tried to schedule her. Because Dalrymple does not argue this case should be analyzed under a mixed-motive framework, she must produce evidence rebutting all of the Defendant's proferred nondiscriminatory reasons. *McArdle v. Dell Prods., L.P.*, 293 Fed. Appx. 331, 340, 2008 WL 4298840, * 7 (5th Cir. Sept. 22, 2008) (quoting *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 351 (5th Cir. 2005)). As noted above in regard to her ADEA claim, Dalrymple has not rebutted all of George County Hospital's nondiscriminatory reasons for terminating her. Accordingly, summary judgment in favor of George County Hospital is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, the Defendant's Motion [32] for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE